AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 3 12 70189 |
| JAMES MURRAY | ) |
| a/k/a JIM MURRAY | ) |
|  | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  February 1 and February 12, 2012  in the county of  San Francisco  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 1343 | Wire Fraud |

This criminal complaint is based on these facts:

See attached Affidavit of Senior Special Agent Jessica S. Radd

☑ Continued on the attached sheet.

Approved as to form:

_Robin Harris_
Assistant U.S. Attorney Robin Harris

Sworn to before me and signed in my presence.

Date: 2-16-12

City and state:  San Francisco, California

_signature_
Complainant's signature

Special Agent Jessica S. Radd
*Printed name and title*

_signature_
Judge's signature

Chief Magistrate Judge Maria Elena-James
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jessica S. Radd, Special Agent of the United States Secret Service, being duly sworn, hereby declare as follows:

1. I am a Special Agent with the United States Secret Service (hereinafter referred to as "USSS") and have been so employed since June of 2008. I am currently assigned to the Financial Crimes Squad in the San Francisco Field Office. As part of my official duties, it is my responsibility to investigate financial crimes including identity theft, counterfeit identifications, counterfeit currency, counterfeit traveler's checks, counterfeit corporate checks, counterfeit personal checks, as well as other cases involving counterfeit securities, bank fraud, wire fraud and other financial crimes. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

2. The statements contained in this affidavit are based on information from my investigation as well as my training, experience, and knowledge of this investigation. Because this affidavit is being submitted for the limited purpose of seeking a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that James **MURRAY** aka "Jim" Murray committed Wire Fraud in violation of 18 U.S.C. § 1343.

### Applicable Law

3. 18 U.S.C. § 1343 states whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire,

radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

## Facts Supporting Probable Cause

4. On April 19, 2011, this affiant received an email from a Chase Paymentech Senior Risk Analyst who initiated a mass email to multiple financial institution investigators advising that a merchant (Jones, Moore & Associates) and the account holder Jim **MURRAY** had processed over $650,000.00 on cardholders' credit/debit cards. (Note: Chase Paymentech is a merchant bank located in Dallas, Texas and Tampa, Florida, that provides merchant accounts to businesses. These merchant accounts allow businesses to accept payment by credit and debit cards through a point-of-sale terminal.) According to the April 19, 2011 email, cardholders disputed the charges claiming either goods were not delivered or services were not rendered. Jones, Moore & Associates subsequently issued refunds on these credit/debit cards. Specifically, the Chase Paymentech email advised that Jones, Moore & Associates did not have the funds available in the bank account associated with this particular merchant account to cover the refunds sent back to the credit/debit cards which resulted in a financial loss for Chase Paymentech. Additionally, according to the Chase Paymentech Analyst's e-mail, the Analyst conducted an investigative search for cardholders' name and address for the credit/debit cards charged through the Jones, Moore & Associates merchant account. According to the analyst, these cardholders and addresses "tie back to Jim **MURRAY** via LexisNexis" including cards belonging to Jim **MURRAY**'s wife Lisa Murray.

5.      On April 27, 2011, the Chase Paymentech Analyst advised this affiant that Chase Paymentech had incurred $349,895.00 in actual loss for covering the refunds sent back to the credit/debit cardholders which Jones, Moore & Associates could not fund.  Additionally, the analyst advised that the total refunds attempted by Jones, Moore & Associates totaled $607,420.00.  Chase Paymentech stopped/denied $257,525.00 in attempted refunds by Jones, Moore & Associates prior to completing and approving the remaining transactions.

6.      I learned from reviewing documents provided by Chase Paymentech that Jim **MURRAY** submitted a merchant account application to Chase Paymentech for Jones, Moore & Associates, 1521 Concord Pike #301, Wilmington, DE, on May 5, 2010.  The application identified Jim **MURRAY** as the CFO (Chief Financial Officer) of Jones, Moore & Associates and David Lowe as the President.  According to the application, the Demand Deposit Account (DDA) established upon opening the account was account number 6353-5200 at E*Trade.  (Note: The DDA is the bank account the funds are transferred to after Chase Paymentech processes credit/debit cards or internet transactions for a merchant.  In this case, any credit/debit card transaction conducted by Jones, Moore & Associates resulted in Chase Paymentech processing the charge, then transferring funds for the transaction to Jones, Moore & Associates' DDA account at E*Trade.)  Between May 5, 2010, and closure of the Chase Paymentech Jones, Moore & Associates account in April 2011, there were multiple DDAs associated with the merchant account which were further associated with Jim **MURRAY**.  These accounts are:

    a. E*Trade Account Number 6353-5200 (Jones, Moore & Associates).

        i. Jim **MURRAY** was identified using this account by me through ATM video which I personally reviewed.  On June 11, 2010, **MURRAY** withdrew $4,000.00 from this account in eight (8) sequential

      transactions at the same Wells Fargo ATM in Oakland, CA.

b. E*Trade Account Number 6367-3727 (Jones, Moore & Associates).

    i. Jim **MURRAY** was identified using this account by me through ATM video which I personally reviewed. On June 11, 2010, **MURRAY** withdrew $4,000.00 from this account in eight (8) sequential transactions at the same Wells Fargo ATM in Oakland, CA.

c. Fidelity Investments Account Number Z49-172049 (Anderson & Associates).

    i. Jim **MURRAY** is associated to this account through the Anderson & Associates' business address. Anderson & Associates' business address is a Regus Virtual Office location at: 1000 Northwest Street Suite 1200, Wilmington, DE. Regus is a business who rents office space and provides virtual office amenities (i.e. receptionist to answer phone, mail receiving and forwarding, etc.). According to Regus, the Anderson & Associates office in Wilmington, DE, is not staffed. All phone calls and mail sent to Anderson & Associates are forwarded to 4040 Civic Center Dr. Ste. 200, San Rafael, CA. In February 2009, upon establishment of the virtual office agreement, James **MURRAY**'s California driver's license was provided. Additionally, when mail is received at this location in Wilmington, DE, it is forwarded to Tim Palm, 4040 Civic Center Dr. Ste. 200, San Rafael, CA. Regus maintains the virtual office capability at 4040 Civic Center Dr. Ste. 200, San Rafael, CA, and through the virtual office agreement, mail sent to Tim Palm at the San Rafael, CA, address is subsequently

forwarded to Jim **MURRAY**'s residence at 206 William Ave., Larkspur, CA. Additionally, **MURRAY**'s phone number 415-596-3285 is listed on the Anderson & Associates' Regus Virtual Office agreement and the point-of-contact phone number.

   d. Merrill Lynch Account Number 753-07199 (Anderson & Associates)

       i. Jim **MURRAY** was identified using this account by me through ATM video which I personally reviewed. On March 25, 2011, **MURRAY** withdrew $500.00 from this account at a Bank of America ATM in San Francisco, CA. Additionally, on March 28, 2011, **MURRAY** withdrew $500.00 from this account at a Bank of America ATM in San Francisco, CA.

7. Chase Paymentech provided this affiant with a spreadsheet identifying all the credit/debit card transactions conducted through the Jones, Moore & Associates merchant account. Between May 5, 2010, and March 26, 2011, Jones, Moore & Associates processed 106 approved sales credit/debit card transactions through the assigned point-of-sale terminal. Additionally, Chase Paymentech identified that between March 30, 2011, and April 6, 2011, Jones, Moore & Associates conducted 79 credit/debit card refunds through the assigned point-of-sale terminal. According to Chase Paymentech, Jones, Moore & Associates' DDA at Merrill Lynch did not have the money in April 2011 to cover the refunds processed through the point-of-sale terminal. These refunds totaled $607,420.00; however, Chase Paymentech was able to stop/cancel $257,525.00 worth of refund transactions. The difference, $349,895.00, reflects Jim MURRAY's gain and Chase Paymentech's loss. (See paragraph 5)

8. I further identified that the credit/debit cards processed by Jones, Moore &

Associates belong to James **MURRAY**, family members of **MURRAY**, or associates of **MURRAY**. These associates are additional cardholders on Pareto Capital LLC accounts, which I learned are accounts managed by **MURRAY**, or are cardholders with accounts **MURRAY** is associated with (i.e. the aforementioned Merrill Lynch Anderson & Associates account).

9. Paragraphs 7 and 8 further identifies that Jim **MURRAY** initially incurred a financial loss when he processed the credit/debit cards belonging to himself, his associates, family members, and businesses. However, **MURRAY** received the profits in the DDA established with Chase Paymentech as listed in paragraph 6. Roughly a couple weeks to a couple months after the initial sales transactions conducted by **MURRAY** on the credit/debit cards, **MURRAY** issued refunds through the Jones, Moore & Associates point-of-sale terminal in the same amount initially charged on the respective credit/debit cards. **MURRAY** essentially cancelled out the initial credit/debit card charges through these refunds on the credit/debit cards belonging to **MURRAY**, his associates, family members, and businesses. Due to a zero balance in the DDA associated with the Chase Paymentech Jones, Moore & Associates account in April 2011, Chase Paymentech was forced to fund these refunds and incurred the financial loss. See paragraph 14 for further explanation of these transactions.

10. I learned from reviewing phone records I received during this investigation that the Chase Paymentech Jones, Moore & Associates point-of-sale credit/debit card transactions were conducted through a point-of-sale terminal connected to phone number 415-891-8371. This number is referenced by Chase Paymentech as the ANI (automatic number identification) associated to Jones, Moore & Associates' merchant account. During the course of my investigation, I learned that the ANI is similar to a caller identification service. The ANI allows Chase Paymentech to identify the phone number that a business is using for the credit card

processing machine/point-of-sale terminal to conduct its transactions. On June 30, 2011, your affiant reviewed records from Comcast Cable Communications, the service provider for phone number 415-891-8371. These Comcast Cable Communications records identified Lisa (Jim Murray's wife) and Jim **MURRAY** as the subscribers for 415-891-8371. The service address for 415-891-8371 was listed as: 206 William Avenue, Larkspur, CA 94939. This means that the ANI/phone number associated with the credit card transactions for Jones, Moore & Associates is the same phone number that the **MURRAY's** have for their personal residence. During a federal search warrant executed on November 3, 2011, at Jim **MURRAY**'s residence at 206 William Ave., Larkspur, CA, agents of the USSS seized the Chase Paymentech point-of-sale terminal, serial number: 210-847-856, as evidence in this investigation. According to the Chase Paymentech Analyst, Chase Paymentech shipped this point-of-sale terminal serial number: 210-847-856 to Jones, Moore & Associates on May 11, 2010.

11. On April 27, 2011, this affiant contacted Merrill Lynch/Visa Fraud Liaison regarding the Jones, Moore & Associates merchant activity in connection to the Chase Paymentech financial loss. The Merrill Lynch fraud liaison verified telephonically that Chase Paymentech funds were being transferred into the Merrill Lynch Anderson & Associates, Ltd. account. Additionally, the Merrill Lynch fraud liaison advised that there were ATM transactions conducted on the same Anderson & Associates, Ltd. account. According to the Merrill Lynch fraud liaison, the business credit card (4756 8467 0736 0719) that was used at various ATMs in the San Francisco Bay Area was originally mailed to an individual named David Lowe at 206 William Avenue, Larkspur, CA, phone number 415-596-3285. (Note: David Lowe is listed as the account holder for multiple accounts for Jones, Moore & Associates and Anderson & Associates at various financial institutions. A color copy of Lowe's United Kingdom passport,

used to open these aforementioned accounts, was located in **MURRAY**'s hardshell briefcase at **MURRAY**'s residence in Larkspur, CA, during the November 3, 2011 federal search warrant.) As aforementioned in this affidavit, this address (206 William Avenue, Larkspur, CA) is Lisa and James **MURRAY**'s private residence. The Merrill Lynch/Visa Fraud Liaison provided me with the dates and times David Lowe's Anderson & Associates credit card number 4756 8467 0736 0719 was used to withdraw funds at the Bank of America San Francisco Main location. Those dates and times are 3/25/11 at 12:39:45 and 3/28/11 at 19:43:30. David Lowe's connection to the **MURRAY**s is currently not known to investigators.

12. In May 2011, this affiant contacted a Bank of America Investigator requesting Bank of America ATM video from the San Francisco Main location on 3/25/11 at 12:39:45 and 3/28/11 at 19:43:30. On May 23, 2011, this affiant reviewed the Bank of America ATM video preserved from the San Francisco Main ATM on 3/25/11 at 12:39:45 and 3/28/11 at 19:43:30 and concluded that the person at the ATM video was James **MURRAY** based on a comparison of the individual in the video to the CA DMV photo of James **MURRAY**. The credit card utilized in the 3/25/11 and 3/28/11 transactions (4756 8467 0736 0719) belongs to a Merrill Lynch account for Anderson & Associates, cardholder David Lowe. I reviewed an Anderson & Associates account statement for account number 753-07199 which lists a $500.00 ATM withdrawal on both 3/25/11 and 3/28/11 which this affiant previously identified James **MURRAY** as conducting the transaction.

13. Specifically, two fraudulent wire fraud transactions conducted by Jim **MURRAY** are:

    a. February 1, 2011 – $20,000.00 Transaction:

        i. On February 1, 2011, **MURRAY** charged via point-of-sale terminal

$20,000.00 on credit card number 4266 0350 2946 9415 (David Lowe's Visa card associated with Merrill Lynch Anderson & Associates checking account number 753-07199) through Chase Paymentech Jones, Moore & Associates' point-of-sale terminal. This point-of-sale terminal utilized the phone line for phone number 415-891-8371 to initialize the electronic transaction. This point-of-sale terminal transaction was routed by interstate wire through Chase Paymentech which is located in Tampa, Florida.

ii. On February 3, 2011, Chase Paymentech credited $20,000.00 to the Jones, Moore & Associates DDA Merrill Lynch Anderson & Associates account number 753-07199.
(Note: This is the same Merrill Lynch Anderson & Associates bank account the $20,000.00 was deducted from during the point-of-sale terminal transaction in paragraph 13.a.i.)

iii. On February 12, 2011, the $20,000.00 Chase Paymentech deposit into the Merrill Lynch account number 753-07199 was subsequently withdrawn via check #1018 paid to Market Neutral Trading, B. On February 23, 2011, check #1018 for $85,000.00 was deposited into a TD Ameritrade Market Neutral Trading B account belonging to Jim **MURRAY**. Jim **MURRAY** opened this TD Ameritrade Market Neutral Trading B account in June 2010 and the statements are sent to **MURRAY**'s attention.

iv. On March 30, 2011, via Chase Paymentech Jones, Moore &

    Associates' point-of-sale terminal, **MURRAY** refunded $20,000.00 back on credit card number 4266 0350 2946 9415 (David Lowe's Visa card associated with Merrill Lynch Anderson & Associates checking account number 753-07199). This point-of-sale terminal utilized the phone line for phone number 415-891-8371, Jim **MURRAY's** home phone number, to initiate the electronic transaction.

  v. On April 4, 2011, the $20,000.00 refund to Merrill Lynch Anderson & Associates checking account number 753-07199 was withdrawn via check #321 which was in the amount of $60,000.00 paid to Market Neutral Trading. On April 4, 2011, check #321 for $60,000.00 was deposited into a JPMorgan Chase Market Neutral Trading account associated with Jim **MURRAY**.

  vi. Chase Paymentech was unable to recover the $20,000.00 refunded on March 30, 2011, and subsequently incurred a $20,000.00 financial loss due to this transaction.

b.    February 12, 2011 – $20,000.00 Transaction:

  i. On February 12, 2011, **MURRAY** charged via point-of-sale terminal $20,000.00 on credit card number 4756 8467 0736 0719 (David Lowe's Visa Signature card associated with Merrill Lynch Anderson & Associates checking account number 753-07199) through Chase Paymentech Jones, Moore & Associates' point-of-sale terminal. This point-of-sale terminal utilized the phone line for phone number 415-891-8371 to initialize the electronic transaction. This point-of-sale

terminal transaction was routed by interstate wire through Chase Paymentech which is located in Tampa, Florida.

(Note: This is the same credit card number utilized by **MURRAY** at a Bank of America ATM located in San Francisco, CA, referenced in paragraphs 11 and 12.)

ii. On February 12, 2011, Chase Paymentech credited $20,000.00 to the Jones, Moore & Associates' DDA Merrill Lynch Anderson & Associates checking account number 753-07199.

(Note: This is the same Merrill Lynch Anderson & Associates checking account the $20,000.00 was deducted from during the point-of-sale terminal transaction in paragraph 13.b.i.)

iii. On February 12, 2011, the $20,000.00 Chase Paymentech deposit into the Merrill Lynch checking account number 753-07199 was subsequently withdrawn via check #1018 paid to Market Neutral Trading, B. On February 23, 2011, check #1018 for $85,000.00 was deposited to a TD Ameritrade Market Neutral Trading B account belonging to Jim **MURRAY**. Jim **MURRAY** opened this TD Ameritrade Market Neutral Trading B account in June 2010 and the statements are sent to **MURRAY**'s attention.

iv. On March 30, 2011, via Chase Paymentech Jones, Moore & Associates' point-of-sale terminal, **MURRAY** refunded $20,000.00 back on credit card number 4756 8467 0736 0719 (Merrill Lynch Anderson & Associates checking account number 753-07199). This

Page 11 of 13

    point-of-sale terminal utilized the phone line for phone number 415-891-8371 to initiate the electronic transaction.

v. On April 4, 2011, the $20,000.00 refund to Merrill Lynch Anderson & Associates checking account number 753-07199 was withdrawn via check #321 for $60,000.00 paid to Market Neutral Trading. On April 4, 2011, check #321 for $60,000.00 was deposited into a JPMorgan Chase Market Neutral Trading account associated with Jim **MURRAY**.

vi. Chase Paymentech was unable to recover the $20,000.00 refunded on March 30, 2011, and subsequently incurred a $20,000.00 financial loss due to this transaction.

### Conclusion

14. Based on the foregoing, I believe that there is probable cause to believe that at least since 2010, Jim **MURRAY** knowingly conducted multiple credit/debit card transactions with credit/debit cards associated to **MURRAY** through a point-of-sale terminal located at **MURRAY**'s private residence. **MURRAY** benefited from receiving the sale transaction proceeds then subsequently refunded the credit/debit cards associated to **MURRAY** when no funds were available. These transactions were accomplished by an interstate wire because when the transactions are transmitted from the Jones, Moore & Associates' point-of-sale terminal located in Larkspur, California, the transactions' authorization transmits by wire to Chase Paymentech's Payment Network Service Front End Network which is located in Tampa, Florida. These actions resulted in a financial loss to the financial institution providing the point-of-sale terminal account. These transactions violate 18 U.S.C. § 1343, Wire Fraud. I therefore

respectfully request that the Court issue the requested criminal complaint and arrest warrant.

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge the foregoing is true and correct.

_____
Jessica S. Radd
Special Agent, U.S. Secret Service

Sworn to before me this
14th day of February 2012

_____
THE HONORABLE MARIA ELENA-JAMES
CHIEF UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA