1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                    SAN FRANCISCO DIVISION

11   UNITED STATES OF AMERICA,           )     Case No. CR 12-0278 EMC (LB)
                                         )
12              Plaintiff,               )
                                         )     **ORDER**
13         v.                            )
                                         )     [Re: ECF Nos. 64, 65, 66, 67]
14   JAMES MURRAY,                       )
                                         )
15              Defendant.               )
                                         )
16   _____

17                                         **INTRODUCTION**

18        Defendant James Murray filed four discovery motions: (A) a motion for discovery under the

19   criminal rules, *Brady v. Maryland*, *Giglio v. United States*, and the Jencks Act, 18 U.S.C. § 3500;

20   (B) a motion for disclosure of the grand jury transcripts; (c) a motion for a bill of particulars and

21   an accounting; and (D) a motion for discovery of prior acts evidence.  *See* ECF Nos. 64, 65, 66,

22   and 67.  The government opposed all motions.  *See* ECF Nos. 78, 79, 80, and 81.  Mr. Murray did

23   not reply to the oppositions.

24        The court held a hearing on January 17, 2013 and now denies all four motions and

25   recommends that the district court gear the timing of certain disclosures to a trial date.

26                                          **STATEMENT**

27        The criminal charges in this case involve alleged wire fraud by James Murray relating to (A)

28   credit card transactions that he processed through a point-of-sale (POS) terminal in his home and

ORDER (CR 12-0278 EMC (LB))

1  (B) a hedge fund called Market Neutral Trading (MNT) that purported to invest in domestic

2  equities.  *See* Superseding Indictment, ECF No. 30, ¶ 7.

3       The indictment alleges the following about the two alleged schemes to defraud.

4       As to the credit card transactions, Murray established a merchant account for Jones, Moore,

5  and Associates (JMA), a company that purported to provide audit and accounting services.  *See*

6  *id.* ¶ 4.  He allegedly processed the credit card transactions through the merchant account and

7  then "refunded" them even though he had no funds in the JMA merchant account to cover the

8  refunds.  *See id.* ¶¶ 7, 8(j), 10.  (If true, this defrauds the merchant bank – here, Chase

9  Paymentech – because merchant banks credit refunds with the expectation of payment from the

10  business.)  There were no funds in the JMA account because Murray transferred the funds to his

11  personal account.  *See id.* ¶¶ 7, 8(j), 10.  The wire fraud counts related to the credit card POS

12  scheme are counts one through four.  *Id.* at 7.  The indictment also alleges aggravated identify

13  fraud in count eleven relating to the unauthorized use of Lisa B's California driver's license in

14  connection with the wire fraud counts one through four.  *See id.* ¶ 8(c) and 6.

15       As to the hedge fund, Murray allegedly solicited investors with inflated representations of the

16  fund's historical performance backed up by phony audit reports prepared by JMA.  *See id.* ¶¶ 7,

17  8(d)-(i), 9.  As a result, investors invested over $2.4 million.  *Id.* ¶ 8(i).  The wire fraud counts

18  regarding the scheme to defraud the investors are counts five through ten.  *See id.* at 7.

19       The district court referred all discovery motions to the undersigned on August 27, 2012.  *See*

20  ECF No. 43.  The court held a hearing on January 17, 2013.

21                                          **ANALYSIS**

22  **I.  *BRADY, GIGLIO, AND RULE 16 DISCOVERY***

23       Mr. Murray's first motion asks for discovery under Federal Rule of Criminal Procedure 16,

24  *Brady v. Maryland*, *Giglio v. United States*, and the Jencks Act, 18 U.S.C. § 3500.  Motion, ECF

25  No. 64.[1]  The government clarified at the hearing that it has produced all Rule 16 and *Brady*

26

27  _____

28       [1]  Mr. Murray also mentions Rule 26.2, which extends the Jencks Act to suppression
     hearings and sentencings.  The analysis is the same.

1   discovery in its possession and will continue to do so on an ongoing basis if it identifies any

2   additional discovery.  *See also* Letter, ECF No. 64-1 at 2.  It also produced early Jencks (whether

3   true Jencks or witness statements captured by someone such as an investigator or agent) now and

4   is withholding only the statement provided by Lisa Murray to the agent.

5       The issue really is about disclosure of information obtained from Lisa Murray, Mr. Murray's

6   estranged wife.  Mr. Murray wants that information now.  *Id.* at 4, 12-14, 20.  The theory is that

7   the aggravated identity fraud charge, which is based on the use of Ms. Murray's California

8   driver's license without her permission, necessarily must be based on information provided by

9   Mrs. Murray to the government that is protected by the marital communications privilege.  *Id.* at

10  4, 20.  The government opposes the motion.  The government clarifies that Ms. Murray did not

11  receive immunity or a non-prosecution agreement and instead is a victim of the identity theft

12  alleged in count eleven.  Opposition, ECF No. 80 at 2.  She did not testify before the grand jury,

13  but the government did interview her and prepared a report about the interview.  *Id.*  That report

14  technically is not Jencks because it is not Ms. Murray's own statement and she did not review it

15  or adopt it as her own.  *Id.* at 3.  Still, the government will disclose a summary of the information

16  obtained from Ms. Murray if it calls her as a witness, and it said that the report has no *Brady* or

17  *Giglio* information.[2]  *Id.* at 2.

18      Thus, the issue is not *Brady*, *Giglio*, or Rule 16 and instead is about early production of Jencks

19  material (or witness statements that the government treats as if the statements were Jencks).  The

20  court has no authority to order early production of Jencks.  *See United States v. Cerna*, 633

21

22      [2]  The *Brady* obligation is that a prosecutor has to provide information to a defendant that
    is exculpatory or impeaching and material to guilt or punishment.  *See  Brady v. Maryland*, 373
23  U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972); *United States v. Jerrigan*,
    451 F.3d 1027, 1030 (9th Cir. 2006).  Evidence is material if there is a reasonable probability
24  that, had the evidence been disclosed to the defense, the result of the proceeding would have
    been different.  *See Kyles v. Whitley,* 514 U.S. 419, 433, 437 (1995).  The materiality standard is
25  met when "the favorable evidence could reasonably be taken to put the whole case in a different
    light so as to undermine confidence in the verdict."  *Banks v. Dretke*, 540 U.S. 668, 698-99
26  (2004).  *Brady* requires disclosure so that the information can be used effectively.  *See United*
    *States v. Cerna*, 633 F. Supp. 2d 1053, 1056 (N.D. Cal. June 26, 2009) (citing *Kyles*, 514 U.S. at
27  433, 437).
28

ORDER (CR 12-0278 EMC (LB))

1 F. Supp. 2d 1053, 1056 (N.D. Cal. June 26, 2009).  The government could withhold Jencks

2 statements until after Ms. Murray testifies.  *Id.*  Instead, the government proposes producing

3 Jencks materials on a time line geared to trial (which is standard in cases involving witness

4 safety).  *See id.* at 1062 (pegging disclosure deadlines to trial date).

5     Mr. Murray wants the information now because if it is privileged, then he wants to file a

6 motion to dismiss at least count eleven and possibly all of the counts.  The government's view is

7 that not only is the information not discoverable, but also, it is not privileged.  Whatever the legal

8 answer is about privilege, the district court can authorize disclosures on a time frame geared to

9 the trial date that allows an efficient and orderly motions and trial schedule.  *See United States v.*

10 *W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008).  The court observes that this is not an enormously

11 complicated issue.  Also, given the nature of the charges as described in the indictment, it seems

12 unlikely that the entire case stands or falls on testimony about the use of Ms. Murray's license.

13 **II.  DISCLOSURE OF GRAND JURY TRANSCRIPTS**

14     Mr. Murray seeks access to grand jury records on the ground that the aggravated identity fraud

15 count necessarily is based on evidence from Ms. Murray.  Motion, ECF No. 65 at 4.  Mr. Murray

16 "posits" that the government threatened to indict Ms. Murray as a co-conspirator, caused her to

17 break off her relationship with her husband and become a "victim," and thereby created an

18 exception to the marital communications privilege.  *Id.*  This rises to the level of a

19 constitutionally-impermissible abuse of the grand jury, he concludes, and he ought to get access

20 to the transcripts and evidence derived from Ms. Murray.  *Id.* at 6, 8.  The government opposes

21 disclosure, noting that Ms. Murray did not testify and only a summary case agent testified.

22 Opposition, ECF No. 78 at 2.  If that agent is a trial witness, the government will disclose the

23 transcript as Jencks.  *Id.*  This disclosure will be on a time line geared to the trial date.  The

24 government has produced all *Brady* material already (and will produce new *Brady* if it obtains

25 more).  *See id.*

26     A defendant seeking disclosure of grand jury records must demonstrate a particularized need

27 for the disclosure.  *See United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995) *withdrawn in*

28 *part on other grounds*, 116 F.3d 840 (9th Cir. 1997) (en banc).  The standards for disclosure are

1  as follows:  (A) the desired material will avoid a possible injustice; (B) the need for disclosure is

2  greater than the need for continued secrecy; and (C) only the relevant portions will be disclosed.

3  *Id.*

4      Here, the government has confirmed that Ms. Murray did not testify and has not received

5  immunity or other consideration for whatever information that she has provided.  Opposition,

6  ECF No. 78 at 2; Opposition, ECF No. 80 at 2.  The government prepared a report and will

7  disclose a summary of it geared to the trial schedule if she is a witness.  Opposition, ECF No. 80

8  at 2.  The government does not have any *Brady* or *Giglio* information related to Ms. Murray.  *Id.*;

9  *see supra* at 3.  Mr. Murray has not established a particularized need for the records.

10 **III.  MOTION FOR A BILL OF PARTICULARS AND FOR AN ACCOUNTING**

11      Mr. Murray wants the government to prepare an accounting of the funds that he allegedly

12 misappropriated or, alternatively, disclose its theory of loss for the wire fraud.  Opposition, ECF

13 No. 66 at 1.  He also wants a bill of particulars that states for counts one through ten the amount

14 of the loss, the amount of any gain, the calculation of any fees, costs, unauthorized funds, and a

15 detailed accounting of any funds that the government claims that Mr. Murray misappropriated.

16 *Id.* at 1-2.  Mr. Murray acknowledges that loss is not an element of wire fraud[3] but argues that

17

18          [3]  The elements of wire fraud are as follows:

19      1.  The defendant made up (A) a scheme or plan to defraud <u>or</u> (B) a scheme or plan to
20          obtain money or property by false or fraudulent pretenses, representations, or
            promises;

21
22      2.  The defendant knew that (A) the course of conduct in which he was engaged was
            misleading <u>or</u> (B) the promises or statements were false;

23
24      3.  The misleading conduct <u>or</u> the false statements were material (such that they would
            reasonably influence a person to part with money or property);

25      4.  The defendant acted with the intent to defraud; and

26
27      5.  The defendant used a wire communication in interstate commerce to carry out an
            essential part of the scheme.

28   *See* 18 U.S.C. § 1343.

ORDER (CR 12-0278 EMC (LB))

1   whether the victims suffered loss is relevant to Mr. Murray's intent and to sentencing

2   enhancements. *Id.* at 3.  He also argues that providing raw bank and institutional financial

3   records does not allow him to access the discovery, particularly given that he is in custody. *Id.* at

4   4.  The government opposes the motion, arguing that it disclosed all financial records, Mr.

5   Murray can hire his own accountant to analyze the financial records, the loss calculation is

6   relevant to sentencing and is not an element of the offense, and the government will disclose any

7   expert testimony for trial under Rule 16.  Opposition, ECF No. 79 at 8-9.

8       An indictment "must be a plain, concise, and definite written statement of the essential facts

9   constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "[A]n indictment is sufficient if it,

10  first, contains the elements of the offense charged and fairly informs a defendant of the charge

11  against which he must defend, and, second, enables him to plead an acquittal or conviction in bar

12  of future prosecutions for the same offense."  *Hamling v. United States*, 418 U.S. 87, 117 (1974)

13  (citations omitted).  The defendant may move to require the government to supplement an

14  incomplete indictment with a bill of particulars that more fully discloses the nature of the charges.

15  Fed. R. Crim. P. 7(f).  But a bill of particulars may not be used as a discovery device to acquire

16  evidentiary details about the government's case.  *See, e.g., United States v. Chen*, 378 F.3d 151,

17  162-63 (2nd Cir. 2004).  Instead, the purpose of a bill of particulars is to (1) inform the defendant

18  of the nature of the charge against him with sufficient precision to allow the defendant to

19  adequately prepare for trial, (2) avoid or minimize the danger of surprise at trial, and (3) protect

20  against double jeopardy.  *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).  Moreover,

21  defendants are "not entitled to know all the *evidence* the government intends to produce but only

22  the *theory* of the government's case."  *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986).

23      The indictment here alleges the elements of the offense adequately.  This is not a complicated

24  case.  The indictment alleges two schemes.  The first is a scheme involving point-of-sale credit

25  card authorizations and "refunds" that were made even though there were no funds in the JMA

26  merchant account.  Superseding Indictment ¶¶ 7, 8(j), 10.  The second involves solicitations to

27

28

ORDER (CR 12-0278 EMC (LB))

1 investors with allegedly inflated representations of the fund's historical performance backed up

2 by phony audit reports prepared by JMA. *See id.* ¶¶ 7, 8(d)-(i), 9. As a result, investors invested

3 over $2.4 million. *Id. ¶* 8(i).

4     Here, the government has produced full discovery already, including all of the financial

5 records. Discovery such as the point of sale authorizations, bank account information,

6 solicitations to investors, and the JMA audit reports fully illuminate the two frauds that the

7 government alleges. Even if the indictment did not describe the frauds (and the court's view is

8 that it does sufficiently), full discovery obviates the need for a bill of particulars. *United States v.*

9 *Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

10     Moreover, if the government relies on expert testimony about loss, it will make the appropriate

11 disclosures under Rule 16(a)(1)(G). What is at issue here is Mr. Murray's ability to calculate the

12 loss, which is not an element of the charged offenses. But Mr. Murray has all of the underlying

13 evidence, and he has no entitlement to have the Government provide him with precise loss

14 calculations. In *United States v. Shteyman*, No. 10 CR 347(SJ), 2011 WL 2006291, at *4

15 (E.D.N.Y. May 23, 2011), the defendant in a health-care fraud case asked the government to

16 segregate from the discovery it already provided the loss calculations that it attributed to the

17 fraud. The court held that he was not entitled to discovery on how the government would prove

18 the loss. *Id.* The result is the same here. Loss really is about sentencing. The court appreciates

19 Mr. Murray's concern: he may feel that the optics of the case before a jury are better if the

20 government's theory is that the investors suffered no loss, and he prefers to know that now. That

21 preference does not establish entitlement.

22     From a case-management perspective, however, the district court is charged with effectuating

23 the speedy and orderly administration of justice. *See W.R. Grace*, 526 F.3d at 508. Under this

24 mandate, the district court has the authority to issue pretrial case management and discovery

25 orders designed to ensure that the relevant issues to be tried are identified and that the parties are

26 adequately and timely prepared so that the trial can proceed efficiently and intelligibly. *Id.* at

27 509. In *W.R. Grace*, for example, the Ninth Circuit upheld – in a case with a relevant time period

28 spanning nearly 30 years with more than 1000 victims – deadlines that included preliminary

ORDER (CR 12-0278 EMC (LB))

1  disclosure of witnesses and exhibits roughly 16 months before trial and final lists of exhibits,

2  witnesses, and expert disclosures roughly a year before trial. *Id.* at 501.

3      This case is not *W.R. Grace*. Still, a case management order requiring disclosure at some point

4  before trial of all exhibits and witnesses would ensure the efficient and orderly presentation of the

5  trial and address Mr. Murray's concerns. For example, if the government relies on expert

6  testimony, the district court can set a time period for disclosure before trial so that Mr. Murray

7  can put together his case sufficiently to allow an efficient and orderly trial. Similarly, disclosure

8  of exhibits and a witness list a certain number of days before trial will allow Mr. Murray the time

9  he needs to prepare, thus facilitating an orderly trial.

10 **IV.  MOTION FOR DISCLOSURE OF PRIOR ACTS EVIDENCE**

11     Mr. Murray asks for disclosure of Rule 404(b) prior acts evidence 90 days before trial so that

12 he can investigate it adequately (given the large number of financial documents at play in this

13 case). *See* Motion, ECF No. 67 at 3-4. The government responds that the appropriate time to

14 address timing is after the district judge sets a trial date and that these are case management issues

15 for the district judge. Opposition, ECF No. 81 at 2.

16     Again, as in *W.R. Grace*, the district court has the authority to issue case management orders

17 designed to ensure that the relevant issues to be tried are identified and the parties are adequately

18 and timely prepared so that the trial can proceed efficiently and intelligibly. 526 F.3d at 509.

19                                  **CONCLUSION**

20     The government has satisfied its discovery obligations. Mr. Murray has concerns about access

21 to what Ms. Murray said, and he may want to file a dispositive motion raising marital privilege

22 (an issue already addressed by Judge Cousins, *see* ECF No. 82 at 3). The district court has the

23 authority to order disclosure under *W.R. Grace* on a time period geared to the trial date. The

24 same is true for the remaining evidence: expert disclosures about loss to be introduced at trial, the

25 trial exhibits themselves, and the notice of 404(b) evidence.

26     The undersigned discussed with the government whether it had a view now about the

27 appropriate time period before trial to make its disclosures. The government reiterated its

28 position that this is a case management issue for the district court. To aid the district court's case

ORDER (CR 12-0278 EMC (LB))

1  management, the undersigned suggests that the parties each file a one-page case management

2  conference statement with the district court before the next court appearance with the following

3  information:  anticipated length of trial and number of days before trial (e.g., 60 days before trial)

4  for expert disclosures, trial exhibits, disclosure of Ms. Murray's report to the agent, and the

5  dispositive motions hearing.

6       This disposes of ECF Nos. 64, 65, 66, and 67.

7  **IT IS SO ORDERED.**

8  Dated: January 17, 2013    _____

                                LAUREL BEELER
9                               United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER (CR 12-0278 EMC (LB))