Alan A. Dressler, Esq. (SBN 56916)
400 Montgomery St., Ste 200
San Francisco, CA 94104
Tel.  (415) 421-7980
Fax  (415) 421-7021
E-Mail: alandressler@aol.com

Attorney for Defendant
James Murray

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 12- 278 EMC |
| Plaintiff, | **DEFENDANT MURRAY'S MOTION TO SEVER COUNT 23 UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 14(a)** |
| v. | Date:    August 5, 2015 |
| JAMES MURRAY, | Time:    2:30 p.m. |
| Defendant. | Judge:   Courtroom 5, 17th Floor |

**INTRODUCTION**

Defendant Murray is asking the Court to sever the criminal contempt charged in Count 23 under Federal Rule of Criminal Procedure 14 (a) because evidence which the government seeks to offer in support of that count is so inflammatory and prejudicial that it will prevent the jury from making reliable judgments as to his guilt or innocence of the other counts in the indictment.

Defendant Murray concedes that Count 23 is properly joined with the other counts under Rule 8, nonetheless, the court has the discretion to grant a severance under Rule 14 to avoid prejudice at the trial. *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). Thus, "[e]ven if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move

Def. Murray's Motion to Sever
Count 23 Per Fed. R. Cr. Pro. 14(a)

1  to sever pursuant to [Rule] 14." *United States v. Smith,* 795 F.2d 841, 850 (9th Cir. 1986).

2      To warrant severance, the defendant bears the burden of demonstrating that "a joint trial

3  is so "manifestly prejudicial" that the judge is required to exercise his or her discretion in only

4  one way - by severing the trial. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir.1987);

5  *see also United States v. Davis,* 663 F.2d 824, 832-33 (9th Cir. 1981); *United States v.*

6  *Throckmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996).

7                              **FACTS**

8      **A.    COUNTS 1 THROUGH 22**

9          1.  Counts 1 through 4

10     Counts 1 thought 4 charge wire fraud in violation of 18 U.S.C. § 1343. The government

11  alleges that defendant Murray: (a) set up a fictitious accounting firm named Jones Moore and

12  Associates (JMA) in 2008; (b) created a credit card merchant account in JMA's name with

13  Chase Paymentech, a credit card processing company, in 2010; (c) used credit cards issued in his

14  name and other people's names to incur charges processed through JMA's Paymentech credit

15  card terminal during January and February of 2011; and (d) in March and April of 2011

16  submitted refund requests to Paymentech for some of those charges without disclosing that there

17  were insufficient funds in the JMA merchant account to cover those refunds.

18          2.  Counts 5 through 11

19     Counts 5 through 11 charge wire fraud in violation of 18 U.S.C. § 1343. The government

20  alleges that Murray: (a) managed a hedge fund know as MNT and (b) defrauded investors in

21  MNT by soliciting them with materially false audit reports purportedly prepared by Jones Moore

22  & Associates, concerning MNT's historical performance.

23          3.  Count 12

24     Count 12 charges wire fraud in violation of 18 U.S.C. § 1343. The government alleges

25  that Murray defrauded an on-line discount brokerage firm, Interactive Brokers, by providing

26  false information in an application to set up an account in the name of a company known as

27  Event Trading.

28

Def. Murray's Motion to Sever
Count 23 Per Fed. R. Cr. Pro. 14(a)

4.   Counts 13 through 16

Counts 13 through 16 charge wire fraud in violation of 18 U.S.C. § 1343. The government alleges that Murray:(a) opened a trading account at Oppenheimer on July 24, 2012 in the name of MNT and falsely stated in the application for that account that MNT had $5 million dollars worth of assets available to invest; (b) used the MNT account to execute a short sale of Netflix stock on July 24 and July 25, 2012 which resulted in a profit of $410,000, and then transferred $300,000 of that profit to other individuals and himself.

5.   Counts 17 through 20

Counts 17 through 20 charge money laundering in violation of 18 U.S.C. 1957. The government alleges that Murray committed these offenses by causing the transfer of $315,000 of the profit from the Netflix trade to the Event Trading account with Interactive Brokers and three other bank accounts.

6.   Count 21

Count 21 charges aggravated identity theft in violation of 18 U.S.C. §1028A(a)(1). The government alleges that in 2008 Murray used Lisa B.'s California drivers license in support of an application to set up a virtual office in the name of Jones Moore & Associates.  The underlying felonies alleged in this count are the wire frauds involving Chase Paymentech charged in Counts 1-4.

7.   Count 22

Count 22 charges aggravated identity theft in violation of 18 U.S.C. §1028A(a)(1). The government alleges that Murray unlawfully used the name of G.D.F. on a document submitted in support of the application to open the Interactive Brokers account in the name of Event Trading. The underlying felony is alleged in this count is the wire fraud involving Interactive Brokers charged in Count 11.

**B.   COUNT 23**

Count 23 of the indictment charges criminal contempt of court in violation 18 U.S.C. §401(3). The government alleges that Murray intentionally violated the pretrial release order

Def. Murray's Motion to Sever
Count 23 Per Fed. R. Cr. Pro. 14(a)

3

1  issued by the Court in July of 2013. The indictment, discovery provided to date and information

2  contained in previous filings by the government suggest that they will attempt to prove that

3  Murray smuggled a tablet computer into the offices of his attorneys during Novermber of 2013

4  and used that computer to: (1) contact G.D.F. and G.D.F.'s father *via* the internet;(2) transmit an

5  altered Marin Municipal Water District bill to a company know as Elavon while activating an

6  on-line trading account in the name of MNT; (3) gain access to his estranged wife's e-mail

7  account; (4) file a false tax return for the informant who is alleged to have provided the

8  computer to Murray; (4) research extraditions treaties between the U.S. and other countries and

9  (5) create a document to be used in his defense to the Netflix related charges.

10                                    **ARGUMENT**

11  **COUNT 23 SHOULD BE SEVERED BECAUSE INFLAMMATORY EVIDENCE
    RELATING TO THIS COUNT WILL PREVENT THE JURY FROM MAKING**

12  **RELIABLE JUDGEMENTS ABOUT MURRAY'S GUILT OR INNOCENCE OF THE
    OTHER COUNTS SET FORTH IN THE INDICTMENT**

13

14          Count 23 should be severed from the other counts because specific inflammatory

15  evidence which prosecution seeks to introduce as to this count will have a highly prejudicial

16  spillover effect on the jury's deliberations as to the other counts of the indictment. This is

17  especially true in this case because the purported evidence that Murray used the computer to gain

18  access to his wife's e-mail and file a tax return on behalf the informant who provided him with

19  that computer would not be admissible to prove the crimes alleged in count 1 through 22.  Thus,

20  the normal dangers associated with trying a defendant on multiple charges is exacerbated to such

21  a degree that it is highly likely that a jury will disregard his defenses to the other counts of the

22  indictment. Moreover, the prejudicial effect of the aforementioned evidence cannot be limited by

23  an appropriate jury instruction.[1]

24          The Ninth Circuit has repeatedly recognized that in a case involving multiple charges

25

26          [1] Counsel acknowledges that the Ninth Circuit has held that the prejudice presented in
27  this type of case can often be minimized with appropriate jury instructions. See, e.g., *Zafiro*, 506
    U.S. 534, 540 (1993)(citing *Richardson v. Marsh*, 481 U.S. 200, 209,(1987).

28

there is always a danger that a jury might be swayed by the mere existence of multiple allegations based upon different factual scenarios and improperly infer that if the defendant committed one of the charged offenses he must have committed all of the charged offenses: "Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to another . . . [and] . . .  the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir.1987) (citing *Drew v. United States*, 331 F.2d 85, 88, 118 U.S. App. D.C. 11 (D.C.Cir.1964).  In *Drew*, *supra*, the court also pointed out that "A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one." *Drew,* 331 F.2d at 88.

In this case the jury will be presented with voluminous complex documentary and testimonial evidence involving (1) a scheme to defraud investors in a hedge fund by false representations as to the hedge fund's prior performance based on false audits and other promotional material; (2) a scheme to defraud those same investors by diverting the profits from a stock trade (Netflix trade) which are alleged to belong to the hedge fund investors; (3) the laundering the profits diverted from that stock trade by the transfer of some of the profits to his attorney and others; (4) defrauding the stock brokerage which conducted the Netflix trade(Oppenheimer); (5) defrauding Interactive Brokers by submitting an altered document in connection with the opening of the Event Trading account; (6) aggravated identity theft against G.D.F. connection with the opening of the same Event Trading account and (7)aggravated identity theft based on the use of the driver's license of Murray's wife in connection with the creation of JMA in connection with the credit card fraud against Paymentech.

Defendant Murray will be raising different factual and legal defenses to each of the alleged schemes and offenses described above. In order for him to receive a fair trial it is crucial that the jury be able to separate and independently assess the prosecution and defense evidence which applies to each of the alleged offenses.

Def. Murray's Motion to Sever
Count 23 Per Fed. R. Cr. Pro. 14(a)

1    The volume and complexity of the evidence and the different types of crimes alleged in

2  Counts 1-22, in and of themselves, create a very real danger that the jury will be unable to

3  separately consider the evidence and defenses applicable to each of them and thus deprive

4  Murray of a fair trial. When the inflammatory evidence relating to Murray's purported accessing

5  of his wife's e-mail and filing of a false tax return which the government proposes to offer

6  regarding the criminal contempt alleged in Count 23 is added to the mix, the likely level of

7  prejudice becomes "manifest" and rises to a magnitude which will almost certainly prevent the

8  jury from making a reliable judgment about his guilt or innocence of the charges alleged in

9  Counts 1 through 22. *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). Finally, under

10  the facts of this case it is difficult to imagine an appropriate jury instruction which will mitigate

11  the prejudicial effect of the inflammatory evidence regarding Count 23.

12

13                                    **CONCLUSION**

14    Defendant Murray respectfully submits that under the unique circumstances of this case a

15  severance of count 23 is constitutionally required.

16

17  Dated: July 8, 2015                              Respectfully submitted,

18                                                        /s/
                                                  _____
19                                                Alan A. Dressler
                                                  Attorney for Defendant
20                                                James Murray

21

22

23

24

25

26

27

28

Def. Murray's Motion to Sever
Count 23 Per Fed. R. Cr. Pro. 14(a)