Alan A. Dressler, Esq. (SBN 56916)
400 Montgomery St., Ste 200
San Francisco, CA 94104
Tel.  (415) 421-7980
Fax  (415) 421-7021
E-Mail: alandressler@aol.com

Attorney for Defendant
James Murray

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES MURRAY,<br><br>    Defendant. | No. CR 12-278 EMC<br><br>**DEFENDANT MURRAY'S TRIAL MEMORANDUM AND PRETRIAL CONFERENCE STATEMENT (RULE 17.1-1(b))**<br><br>Trial Date:     September 21, 2015<br>Pretrial Date: September 1, 2015<br>Courtroom:     Hon. Edward M. Chen |

Defendant James Murray hereby submits the following Trial Memorandum pursuant to the Court's Amended Pretrial Order and Criminal Local Rule 17.1-1(b).

**I.    STATUS OF THE CASE**

   **A.    CHARGES**

Defendant Murray will be prepared for trial which will commence on September 21, 2015. Defendant Murray has entered not guilty pleas to all charges set forth in the Fourth Superseding Indictment.

   **B.    CUSTODY STATUS**

Defendant Murray is in custody and is currently housed at the San Francisco County Jail.

   **C.    TRIAL STATUS**

Defendant Murray estimates that his case will take two to three days to present. At the

present time it appears likely that Mr. Murray will testify in his own defense and that direct and cross-examination will likely consume two days. At the present time the defense intends to call John Ioannou, whose testimony will likely take less than two hours. The government has subpoenaed a number of Oppenheimer & Co. employees. If all of these witnesses do not testify for the government we may call one or more of them as defense witnesses. If these witnesses are called by the defense their testimony will likely take two to three hours, depending on how many are called. It is also possible that something could arise during the prosecution's case that may necessitate the calling of a an additional witness or two.

Defendant Murray cannot judge the accuracy of the government's estimate regarding the time necessary to present its case. However, the trial may be lengthened or shortened depending on the court's ruling with regard to defendant Murray's motion to exclude certain aspects of the proposed testimony of Scott Crowley and all of the testimony of Corrina Seibt. The testimony of these witnesses have been objected to pursuant to Fed. R. Crim. Pro., Rule 403.

## II.  STATEMENT OF EVIDENCE

### A.  FACTS

Defendant Murray respectfully declines to set forth his defense to the facts alleged in the Indictment and the government's Pretrial Memorandum based on his Fifth Amendment right against self-incrimination.

### B.  DEFENDANT'S STATEMENTS

Defendant Murray is aware of certain statements which the government will introduce into evidence during their case-in-chief which are likely admissible. However, he is not aware of each and every statement the government intends to offer, therefore, he reserves the right to object to any of defendant Murray's statements which he has not anticipated being offered.

## III.  PRE-TRIAL DISCLOSURES

### A.  JENCKS, BRADY AND *GIGLIO* DISCLOSURES

The government has provided *Giglio* disclosures with regard to two witnesses. The government has recently provided extensive Rule 16 discovery regarding a new witness, Corrina

1  Seibt, whose testimony is being objected to by defendant Murray. (See Docket No. 253) Finally,

2  the government has not provided any Grand Jury testimony of this date.

3        **B.    RECIPROCAL DISCOVERY BY DEFENDANT MURRAY**

4      Defendant Murray either has or will provide the government with any reciprocal Rule 16

5  discovery which will be offered in his case-in-chief.

6      (1)    <u>Witness John Ioannou</u>

7      Defendant Murray has advised the government that he will be calling John Ioannou as a

8  witness. We have provided the government with a report of a telephonic interview of him

9  conducted by our defense investigator. We have also agreed to provide the government with any

10 e-mail correspondence between the defense investigator and a print out of the Lombard Lowe

11 website which will be the subject of his testimony. We believe these documents will satisfy our

12 reciprocal discovery obligations pursuant to Rule 16 with regard to this witness.

13     (2)    <u>Government Witness David Lowe</u>

14     During the deposition of David Lowe, the government was provided with a document

15 which was used to impeach Mr. Lowe's testimony.

16     (3)    <u>Documents Which Will Be Presented During Defendant Murray's Testimony</u>

17     Defendant Murray has advised the government that as of today's date we have identified

18 numerous Rule 16 documents provided by government which will either be offered during

19 impeachment of government witnesses or which will be offered during defendant Murray's

20 testimony.  All of these documents have been provided by the government as part of their Rule

21 16 obligation and are Bates stamped.

22     We are still in the process of determining which documents will be introduced as part of

23 our case-in-chief and will advise the government of those documents shortly. These documents

24 will then be included in our Exhibit list. We do not anticipate that the government will have any

25 objection to this constellation of documents.

26     At the present time counsel is not aware of any documents not already in the possession

27 of the government which will be offered in our case-in-chief.  If this situation changes we will

28

immediately provide such documents to the government.

### C. STIPULATIONS RE FOUNDATION FOR BUSINESS RECORDS, AUTHENTICITY OF JAIL CALLS AND JUDICIAL NOTICE ISSUES

Defendant Murray has today received from the government a number of stipulations regarding jurisdictional interstate commerce nature of the wires charged in Counts 1-16, the authenticity of jail calls which the government may seek to offer into evidence and the foundation for the introduction of certain business records. We are hopeful that a stipulation can be reached with regard to most of these issues. However, it likely that there will be a few issues which will not be resolved by stipulation. We draw the court's attention to our objection to Government Exhibits 140 and 204, on the ground that they are not business records within the meaning of Federal Rules of Evidence, Rule 803(6). (See Docket No. 245)

We also draw the court's attention to our objection to various government requests for the court to take judicial notice of certain documents and our request for offers of proof pursuant to Federal Rules of Evidence, Rule 201(e). (See Docket No. 253)

### D. DEFENSE WITNESS LIST

Defendant Murray is filing his witness list concurrently with this pleading. At the present time the only witness defendant Murray intends to call are John Ioannou and certain witnesses employed by Oppenheimer & Company. As set forth above Mr. Murray intends to testify on his own behalf. Defendant Murray has previously advised the government that Mr. Ioannou will testify for the defense and that he intends to call certain witnesses from Oppenheimer & Co. subpoenaed by the government who do not in fact testify during their case-in-chief.

### E. OBJECTIONS TO EXHIBITS OR TESTIMONY

Defendant Murray has objected to a number of government exhibits. He has also objected to the testimony of Scott Crowley and Corrina Seibt. These motions are currently pending decision by the court.

### F. PROPOSED VOIR DIRE

Defendant Murray has no objection the voir dire questions proposed by the government.

He likewise reserves the right to submit additional voir dire questions if the need arises.

### G. PROPOSED JURY INSTRUCTIONS

Defendant Murray has (1) objected to the instruction proposed by the Government regarding the contempt alleged in Count 23 and has suggested an alternative to that instruction and (2) submitted a special instruction that "good faith" is a defense to wire fraud.

Dated: August 31, 2015

Respectfully submitted,

/s/
Alan A. Dressler
Attorney for Defendant
James Murray