UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES MURRAY,<br><br>        Defendant.<br>_____/ | No. CR-12-0278 EMC<br><br>**ORDER RE SUPPLEMENTAL FILINGS** |

In accordance with the Court's final pretrial conference order, the parties have made supplemental filings. Having reviewed the filings, the Court hereby orders as follows.

A.    <u>Docket No. 261 – Government's Offer of Proof</u>

In the final pretrial conference order, the Court instructed the government to make an offer of proof as to how (1) the evidence regarding Mr. Murray's spying on his wife's e-mail and (2) the evidence regarding Mr. Murray's preparing a false tax return for Mr. Crowley were relevant to the counts charged *other* than Count 23 (*i.e.*, the contempt count).

    1.    <u>Evidence re Spying on Wife</u>

Regarding (1), the government wants to use the evidence to show that Mr. Murray was in fact able to access his wife's e-mail. The government wants to show that ability because Mr. Crowley will testify that Mr. Murray told him that Mr. Murray intended to use that ability to author e-mails – pretending to be his wife – and implicate her in some of the alleged fraud. According to the government, this shows consciousness of guilt on the part of Mr. Murray (*i.e.*, trying to frame his wife).

1  Regarding (1), the government also wants to use the evidence to show that Mr. Murray was in fact the user of the tablet and not Mr. Crowley (as Mr. Murray intends to argue at trial).

While the government's second intended use of the evidence is arguably not probative enough to overcome a Rule 403 problem, the first intended use is.  Furthermore, it appears that, in March 2014, Mr. Crowley told the government that Mr. Murray said "he knew the government had been in touch with his wife more than two times because he had seen emails between his wife and the government while he (Murray) was accessing her email account."  Offer at 2.  This testimony by Mr. Crowley is also probative of Mr. Murray's consciousness of guilt – *i.e.*, Mr. Murray was actively monitoring his wife's actions with respect to this case specifically as she is a government witness.

Accordingly, the Court concludes that Rule 403 is not a bar to admissibility because the probative value of the evidence is not substantially outweighed by a danger of unfair prejudice.

2. <u>Evidence re False Tax Return</u>

With respect to the evidence of the false tax return, the government argues that the evidence is probative of the noncontempt counts because it goes to intent.  The government argues:

> According to [Mr. Crowley], Murray intended to "borrow" a portion of the refund to use for trading.  Murray reassured [Mr. Crowley] that by the time the IRS discovered the fake tax return, Murray would have made enough profit from his trading to help [Mr. Crowley] defray the amount owed to the government and any penalties imposed by the IRS.  Murray's involvement in filing this false tax return is evidence Murray intended to violate the Court's order prohibiting trading [*i.e.*, contempt], and is probative of Murray's intent to defraud for the wire fraud counts involving trading, including the charged scheme to defraud Oppenheimer.

Docket No. 261 (Offer at 3).

Having reconsidered the matter, the Court now concludes that the evidence is not admissible.  The Court is not persuaded that the evidence is admissible pursuant to Rule 404(b) because the government is not asserting, *e.g.*, that the refund money would be used to further a particular scheme specifically alleged in the indictment or even a fraudulent scheme similar to that alleged in the indictment (either of which would bolster an alleged intent to defraud).  But even if the evidence did have some probative value, that probative value would be limited as it would not show, *e.g.*, that Mr.

Murray was planning on using the money to engage in more fraudulent securities transactions or evidence that Mr. Murray defrauding yet another securities investor (instead of the government). Accordingly, the Court concludes that there is, at the very least, a Rule 403 problem that bars the admissibility of the evidence.

B.   Docket No. 262 – Government's Objection to Jury Instruction on Good Faith

In its order on proposed jury instructions, the Court stated that it was not inclined to give Mr. Murray's proposed instruction on a good faith defense to the wire fraud charge but did state that it was inclined to give the Eleventh Circuit model instruction on a good faith defense. The government has objected to the instruction, in part because of the cases cited in the comment in the Ninth Circuit instruction on intent to defraud (*i.e.*, Ninth Circuit Model Criminal Jury Instruction No. 3.16). The government also argues that, at the very least, the Court should wait to see how the evidence pans out to trial to see if a good faith instruction is even warranted.

The Court agrees with the government that deferral is appropriate, particularly because, as the government points out, Mr. Murray suggested the same at the time that he first proposed a good faith instruction. *See* Docket No. 246 (Def.'s St. at 4) (arguing that the "court has the discretion to give a 'good faith' instruction if it deems it appropriate under the facts of this case [and] Defendant Murray requests that the court withhold consideration of whether to give this instruction until the close of evidence").

C.   Docket No. 264 – Deposition of David Lowe

In accordance with the final pretrial conference order, the parties have submitted their designations and counter-designations with respect to the deposition testimony of Mr. Lowe. There is only one objection that the Court needs to resolve. That objection has been made by the government with respect to testimony by Mr. Lowe related to his being the head of production of an Italian company based in the United States called Cinefin (which is affiliated with the movie company Orion). Mr. Lowe testified about a movie that Cinefin was financing where the movie was never finished, where financing was not completed, and where some of the actors may not have been paid. *See* Lowe Depo. at 159:10-161:5. The government has contended that the evidence is not relevant, and the Court agrees. The evidence does not even seem to be impeachment evidence as

there is nothing to indicate that, *e.g.*, financing was not completed because of Mr. Lowe's character of untruthfulness. According, the government's objection is sustained, and the testimony designated by Mr. Murray shall not be admitted at trial.

IT IS SO ORDERED.

Dated: September 14, 2015

_____
EDWARD M. CHEN
United States District Judge

4