UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| United States of America, | Case No. 12-cr-00278-EMC |
|---|---|
| Plaintiffs, | |
| v. | **ORDER TO SHOW CAUSE** |
| MURRAY, | Docket No. 500 |
| Defendants. | |

James Murray, an inmate at the Federal Correctional Institute Lompoc, filed a *pro se* habeas motion pursuant to 28 U.S.C. § 2255. The Government shall file its opposition by Friday, February 16, 2024. Mr. Murray shall file his reply by Friday, March 15, 2024.

Mr. Murray also filed a motion for the Court to appoint him counsel to file a habeas petition. Docket No. 497. In Mr. Murray's motion to appoint counsel, he stated that he had ineffective assistance of counsel and wanted an attorney to investigate the facts and conduct discovery regarding his trial. Docket No. 497. He believed that habeas was warranted because his trial counsel, Alan Dressler, failed to have a witness involved in the underlying facts of his case, Defrancisci, to testify. *Id.* at p. 2. Another attorney, Karen Landaul, found that attorney Mr. Dressler failed to put on a defense to "the chase counts" and advised Mr. Murray that this was a basis for ineffective assistance of counsel. *Id.* at 3. Further, Mr. Murray said his trial counsel failed to investigate and call a Chase employee, Eliah Gash. *Id.* Mr. Murray did not state what he thinks the Defrancisci or Eliah Gash testimony would show.

In Mr. Murray's § 2255 habeas motion, he clarified that he believed "[the Defrancisci] post-trial testimony provided exculpatory evidence." Docket No. 500, p. 5. Further, Mr. Murray stated that one of his attorneys, Gene Vorobyov, incorrectly advised him that a motion for new

trial must be filed after the direct appeal is complete, which meant that the two-year statute of limitations lapsed. *Id*. at p. 6. Mr. Murray acknowledged that his habeas petition was untimely, given that his conviction became final on August 5, 2020, and the habeas statute of limitations is one-year, but stated that his motion to appoint counsel raised the issues for the § 2255 motion and therefore should be construed as a § 2255 motion.

Appointment of counsel is warranted where "the interests of justice so require." 18 U.S.C. § 3006A. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Mr. Murray's statute of limitations argument may be complex enough to warrant appointment of counsel. However, Mr. Murray has not made a sufficient showing on the merits of his habeas motion. To do so, Mr. Murray would need to describe what exonerating evidence or testimony was missed in his trial, in particular explaining what the Defrancisci testimony would show, how it relates to his conviction, and that the Defrancisci testimony would exonerate him (Mr. Murray may also provide more information of "the chase counts," Mr. Gash's perspective, and any other factual showings he is aware of that could substantiate the merits of his claim). Therefore, Mr. Murray's motion to appoint counsel is dismissed without prejudice—Mr. Murray may re-file a motion to appoint counsel if he can provide the Court with a further factual showing of the merits of his claim.

**IT IS SO ORDERED**.

Dated: January 18, 2024

_____
EDWARD M. CHEN
United States District Judge

2