UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiffs,<br><br>  v.<br><br>MURRAY,<br><br>   Defendants. | Case No. 12-cr-00278-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO APPOINT COUNSEL**<br><br>Docket No. 512 |

## I.   INTRODUCTION AND BACKGROUND

Defendant James Murray, an inmate at the Federal Correctional Institute Lompoc, asserts that his habeas motion under 28 U.S.C. § 2255 was timely filed within the one-year statute of limitations. Docket No. 512. In January 2021, his conviction became final when the Ninth Circuit granted his motion for voluntary dismissal of his appeal. *See* Docket No. 496. In May 2021, Mr. Murray filed a motion to appoint counsel to file a habeas petition. Docket No. 497. The motion was served on the government. The government did not respond, and the Court did not rule on his motion. In October 2023, Mr. Murray requested the Court address his prior motion after it did not rule on the request. Then, in November 2023, over two years after his conviction became final, Mr. Murray filed a habeas petition, moving to vacate under 28 U.S.C. § 2255 for ineffective assistance of counsel (IAC). Docket No. 500.

While the Court stated that Mr. Murray's habeas petition "appears" to be untimely under the one-year statute of limitations period for § 2255 motions, it appointed Mr. Murray counsel to represent and assist him in establishing that his motion was timely. Docket No. 509. Now before the Court is that motion, filed by Mr. Murray's counsel. Docket No. 512. The Government opposes. Docket No. 513.

## II. **DISCUSSION**

District courts have the discretion to construe as habeas motions under 28 U.S.C. § 2255, pro se filings labeled otherwise where appropriate. *Castro v. United States,* 540 U.S. 375, 377 (2003). For instance, in *United States v. Elam*, 930 F.3d 406 (5th Cir. 2019), the Fifth Circuit held that the defendant's request for appointment of counsel and a discovery hearing "should have been liberally construed" as a § 2255 motion. *Id.* at 10. In the initial filing, Elam asserted that his right to effective assistance of counsel was violated, implicitly stated seven bases for his IAC claim, challenged his conviction, maintained he entered a guilty plea under duress, and averred that counsel coerced coerced his guilty plea. *Id.* The district court thus abused its discretion by failing to recharacterize the filing as a § 2255 motion because the filing identified the factual basis for his IAC claims. *Id.* at 410.

In contrast, the Supreme Court has held that where a pro se litigant's earlier filing did not provide enough of a factual and legal basis for the district court to consider the merits, the earlier filing could not be recharacterized as a habeas petition. In *Woodford v. Garceau,* 538 U.S. 202, 205 (2003), the litigant's earlier motion to appoint counsel and motion for a stay of execution did not seek any relief on the merits of the claims; "[r]ather, the document simply alerted the District Court as to some of the possible claims that might be raised by respondent in the future." *Id.* at fn. 1. The later habeas petition contained numerous issues that were not mentioned in the earlier filing. *Id.*

Here, Mr. Murray's motion to appoint counsel sets forth sufficient and concrete legal and factual bases for his § 2255 claims; he did more than merely mention "possible" claims. Docket No. 497; *see Woodford,* 538 U.S. at 205. Mr. Murray stated the following facts in support of his IAC argument:

> (1) Trial counsel Alan Dressler failed to depose the key witnesses the Defranciscis, despite pre-trial documents showing that he planned to do so. The Defranciscis would have provided exculpatory testimony regarding the Netflix trade.
>
> (2) Trial counsel Alan Dressler failed to put on any defense for the Chase counts, including calling as witness, Eliah Gash, a bank employee who would have provided exculpatory testimony.

2

> (3) Appellate counsel incorrectly advised him that only after a direct appeal is complete could he file a motion for new trial.

Docket No. 497 at 2-3. Like the sufficient assertions in *Elam,* here, Mr. Murray's assertions in the motion to appoint counsel "should have been liberally construed" as a § 2255 motion because they identify specific and substantive grounds for IAC. Notably, the pro-se filing of the § 2255 asserts basically identical claims – that Mr. Murray's trial attorney failed to examine the Defranciscis, that his appellate counsel incorrectly advised him that he could not file a motion for new trial based on new evidence until after direct appeal, and that his trial attorney did not put on any defense as to the Chase wire fraud counts. Docket No. 500 at 5-7. Therefore, the Court recharacterizes Mr. Murray's motion to appoint counsel as both a § 2255 habeas petition under and a request for counsel to assist with the § 2255 habeas petition.

The Court next addresses what it must do in order to effectuate recharacterization. If a pro se litigant's motion is recharacterized as his first § 2255 motion, the court must (1) notify the litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent § 2255 motion would be subject to § 2255's restrictions on "second or successive" motions, and (3) provide litigant the opportunity to withdraw the motion or to amend it so that it contains all § 2255 claims that the litigant believes he has. *Castro v. United States,* 540 U.S. 375, 377 (2003). First, the Court notifies Mr. Murray through this order that it recharacterizes the motion to appoint counsel as a § 2255 habeas petition. Second, the Court warns Mr. Murray that any subsequent § 2255 motion is subject to § 2255's restrictions on "second or successive" motions. Mr. Murray has affirmed that he understands these restrictions. Docket No. 512 at 4. Third, Mr. Murray must be given an opportunity to amend it so that the new petition contains all § 2255 claims that he believes he has. Because Mr. Murray has filed a denominated § 2255 motion, Docket No. 500, the Court deems his Section 2255 motion as an amended 2255 petition.

The Court GRANTS Mr. Murray's request to treat his May 2021 Motion to Appoint Counsel as a timely § 2255 motion and his formally designated 2255 petition as an amended petition. Because it serves as the operative pleading herein, the Court orders the following schedule:

3

1  Government response is due 30 days from the date of this order.

2  Petitioner traverse is due 14 days after the Government response is filed.

3  **IT IS SO ORDERED**.

5  Dated: June 25, 2024

_____
EDWARD M. CHEN
United States District Judge