UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES MICHAEL MURRAY,<br><br>Defendants. | Case No. 12-cr-00278-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR CREDIT OF NETFLIX TRADE PROFITS RESTITUTION ORDER**<br><br>Docket No. 498 |

In 2016, James Michael Murray was convicted of making misrepresentations to investors in Market Neutral Trading (MNT) Funds—an investment fund he controlled—and for wire fraud. Docket No. 1, 203, 348. Between 2009 and 2012, Mr. Murray fraudulently raised over $2.5 million from various investors in MNT. *See* Civil Docket No. 181 at 2 (Case No. 12-cv-01288). Then while awaiting trial on those criminal charges, in 2012, he fraudulently opened an account at Oppenheimer & Co. using the name MNT Master Fund, misrepresenting that he had $5 million in MNT assets and using falsified documents. *Id.* He sold short 50,000 shares of Netflix securities in that account, and diverted $260,000 of the profits from the fund to an account at Interactive Brokers held in the name of Event Trading, GP, LLC ("Event Trading"), which he controlled and fraudulently opened using the name Giovanni de Francisci. *See* Civil Docket No. 181 at 1.

In April 2016, the Court entered final judgment against Mr. Murray in the criminal case, which included a restitution order of $3,480,479.90 to thirteen individuals or entities. Docket No. 345 at 5. Mr. Murray was sentenced to 15 years in prison, which he is currently serving. Docket No. 346 at 2.

The judgment in the criminal case was the basis for the Security and Exchange Commission's (SEC) civil lawsuit against Mr. Murray, seeking disgorgement of the 2012 Netflix

Trade profits.  *See* Civil Docket No. 166.  In July 2017, the Court granted the SEC's motion for disgorgement against Relief Defendant Event Trading GP, LLC.  *See* Civil Docket No. 181, 186.  It found that the assets in the amount of $363,000 in the Event Trading account were "an ill gotten product of a long chain of Defendant's fraudulent conduct."  Civil Docket No. 181.

The resulting distribution of the Netflix Trade proceeds are as follows:

- On October 4, 2018, Mr. Murray transferred $340,984.23 in the form of checks to eight investors in the restitution order.  Civil Docket No. 277 at 5-7.
- On July 5, 2019, Mr. Murray transferred $11,054.43 in a second transaction of payments to the eight investors.  Civil Docket No. 227 at 7-8.  The total amount to the eight investors was $352,038.66.  *Id.* at 5-8.
- On March 28, 2021, Mr. Murray transferred $7,828.59 to the SEC.  Civil Docket No. 231.

In March 2021, the final distribution of trade proceeds was complete.  *See* Civil Docket No. 231.  On October 10, 2021, Mr. Murray filed this motion requesting that the $352,038.66 distributed to the eight investors is credited to the restitution order, so that those investors do not receive a windfall amount exceeding their total investment.  Docket No. 498 at 3.  As of July 2024, the Government neglected to file a timely response.  *See* Civil Local Rule 7-3(a)-(b).

The Court finds that a credit of $352,038.66 to the restitution order is suitable so that the eight investors do not receive a windfall, and because the Government does not oppose the motion.  The Court GRANTS Mr. Murray's motion.

**IT IS SO ORDERED**.

Dated: July 5, 2024

_____
EDWARD M. CHEN
United States District Judge